IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

FLOYD BEECH, et al.            )
                               )
v.                             ) NO. 3-15-0657
                               ) JUDGE CAMPBELL
CITY OF FRANKLIN               )

MEMORANDUM

Pending before the Court are Defendant's Motion to Dismiss (Docket No. 6) and Defendant's Motion for Sanctions (Docket No. 8). For the reasons stated herein, Defendant's Motions are DENIED.

FACTS

Plaintiffs allege in this action that the City of Franklin violated their constitutional rights to equal protection and due process of law, in violation of 42 U.S.C. § 1983. Plaintiffs assert that the City, through its "selective enforcement" of zoning and building ordinances, has caused a deliberate denial of Plaintiffs' federal constitutional rights, including a deliberate taking of property in violation of Plaintiffs' federal constitutional rights.

Through its Motion to Dismiss, Defendant argues that this action should be dismissed pursuant to the doctrines of prior suit pending and abstention. Defendant bases its argument on an action filed in the Chancery Court for Williamson County, Tennessee, on November 5, 2012. In that action, Plaintiffs sued Calvin Malone for abatement of a nuisance and the City of Franklin for a writ of mandamus.

The state action sought a permanent injunction, a mandatory injunction and punitive damages against Malone. As it related to the City of Franklin, the state court action sought a writ of

mandamus requiring the City to cause the removal of a driveway on the Malone property and to cause Malone to cease and desist from operation of a barbershop on the Malone property.

On August 27, 2014, Plaintiffs sought leave to amend their Complaint in the state court action to add claims for damages for violation of constitutional rights. The Chancery Court denied that Motion to Amend, holding that because the recovery of damages is not proper in a suit for a writ of mandamus, the amendments would be futile and stating that "mandamus and damages for the failure to do the thing the mandamus commands are inconsistent remedies." Docket No. 6-1, p. 147.

Also in the state court action, the City of Franklin moved for summary judgment, claiming that a writ of mandamus was not a proper remedy because the City's acts were discretionary. The City also argued that a writ of mandamus was not proper because Plaintiffs had not alleged a specific injury to them, as opposed to the public generally. Finally, the City asserted that the City was immune from the state court action pursuant to the Tennessee Governmental Tort Liability Act. In granting the City's Motion for Summary Judgment, the Chancery Court found that mandamus was not the proper remedy for Plaintiffs' complaint.

As noted above, Plaintiffs brought this action for damages for violation of their constitutional rights, the claims which were disallowed in the state court action.

## MOTIONS TO DISMISS

For purposes of a motion to dismiss, the Court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged. *Id*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 1950. A legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

## PRIOR SUIT PENDING

The Sixth Circuit Court of Appeals has made clear that the prior suit pending doctrine is a state law doctrine which plainly does not apply to federal courts. *Central Bank v. Jerrolds*, 2015 WL 1486368 at * 7 (W.D. Tenn. March 31, 2015) (citing *Lacey Brentwood Homes, LLC v. Town of Collierville*, 144 F. App'x 506, 511 (6th Cir. 2005); *see also City of Newport v. Masengill Auction Co.*, 19 S.W.3d 789, 794 (Tenn. Ct. App. 1999).

In any event, the Court finds that the constitutional issues in this action were not and could not have been raised in the state court action. The Chancery Court specifically found that the constitutional claims for damages could not be raised in that writ of mandamus action. The relief sought in the state court action (injunctive relief) is not the same as the relief sought in this case (money damages).

## ABSTENTION

Defendant contends that a counterclaim brought by Mr. Malone in the state court action has yet to be resolved and is still pending in the Chancery Court for Williamson County. Therefore, Defendant argues, this Court should abstain from exercising its jurisdiction because of the existence of a concurrent state court proceeding.

3

Abstention is an "extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." *Rouse v. Daimler Chrysler Corp.*, 300 F.3d 711, 715 (6th Cir. 2002). Therefore, only the clearest of justifications warrant abstention. *Id*. Abstention is the exception, not the rule, because federal courts have a virtually unflagging obligation to exercise the jurisdiction given them. *Painewebber, Inc. v. Cohen*, 276 F.3d 197, 206 (6th Cir. 2001). A federal court's decision whether or not to defer to an ongoing state court proceeding rests on considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation. *Colorado River Water Conservation District v. United States*, 96 S.Ct. 1236, 1246 (1976) (*quoted in Holmes Financial Associates, Inc. v. Resolution Trust Corp.*, 33 F.3d 561, 563 (6th Cir. 1994)).

Factors to be considered when deciding whether to abstain because of a concurrent state court proceeding include, among other things, the adequacy of the state court action to protect the federal plaintiff's rights. *Painewebber*, 276 F.3d at 206. Here, the state court action between Plaintiffs and Defendant is over, summary judgment having been entered for the City. The remaining issues are between Mr. Malone, who is not a party to this action, and Plaintiffs. The state court held that the claims brought here by Plaintiffs (constitutional claims for damages) could not be brought in their Writ of Mandamus action against the City in state court. The state court action was not adequate to protect Plaintiffs' federal constitutional rights in this case.

Defendant argues that allowing this action to proceed will result in "tremendous duplication of effort" by the courts, parties and witnesses. Yet Defendant is no longer a party in the state court action, and the issues before this Court were never litigated in that action. There is no duplicative litigation.

Defendant also argues that the Court should abstain to avoid "piecemeal litigation," which occurs when different courts adjudicate the identical issue. The issue to be adjudicated in this Court is not identical to the issues adjudicated between Plaintiffs and the City in the state court action. As explained above, the state court action between these parties involved the very limited claim of writ of mandamus; this action involves constitutional claims for money damages.

CONCLUSION

For these reasons, Defendant's Motion to Dismiss is DENIED. The case is referred back to the Magistrate Judge for further case management.

In light of this ruling, Defendant's Motion for Sanctions is also DENIED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE