IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| FLOYD BEECH, et al. | ) |
| | ) |
| v. | ) NO. 3-15-0657 |
| | ) JUDGE CAMPBELL |
| CITY OF FRANKLIN | ) |

MEMORANDUM

Pending before the Court is Defendant's Motion for Summary Judgment (Docket No. 36). For the reasons stated herein, Defendant's Motion is GRANTED, and this action is DISMISSED.

FACTS

Because Plaintiffs' Response to Defendant's Statement of Undisputed Material Facts (Docket No. 39-1) does not comply with Fed. R. Civ. P. 56 and Local Rule 56.01, those facts for which no citation to the record is given are deemed admitted for purposes of this Motion. Fed. R. Civ. P. 56(e) and Local Rule 56.01(g).

Calvin Malone owns property at 1102 Park Street in Franklin. Mr. Malone has operated a barbershop at this location since 1999, when he acquired permits to open a barbershop at his residence. Mr. Malone operates his barbershop pursuant to the regulations governing home occupations in the General Residential Zoning District as set forth in the 1991 City of Franklin Municipal Zoning Ordinance. Mr. Malone currently has no outstanding code compliance issues with the City.

In February of 2007, Plaintiffs purchased the property across the street from Mr. Malone, at 220 11th Avenue, for $115,000.00. When Plaintiffs purchased their property, Mr. Malone had been operating a barbershop in his residence for eight years.

Plaintiffs sold the property at 220 11th Avenue in 2013 for $428,000.00. When Plaintiffs sold the 220 11th Avenue property, they stated in the Tennessee Residential Property Disclosure Form that they were not aware of any zoning violations, nonconforming uses and/or other violations and that they were not aware of any neighborhood noise problems or nuisances.

In November of 2012, Plaintiffs filed a Petition for Writ of Mandamus against the City in the Chancery Court for Williamson County, Tennessee, asking the Court to cause the City to require removal of the driveway into the side of the Malone property and to cause the City to require Mr. Malone to cease and desist from operating his barbershop from the property at 1102 Park Street. In October of 2014, the Chancery Court granted the City's Motion for Summary Judgment in that case, finding, among other things, that Plaintiffs had no actionable or reasonably ascertainable damages; that the City, in its discretion, determined in 1999, when the home occupation of Mr. Malone was first requested, that it was a legal use; and that Mr. Malone had no outstanding code compliance issues with the City.

Now Plaintiffs have filed this federal action against the City of Franklin alleging violations by the City of their constitutional rights under the Fourteenth and Seventh[1] Amendments.

## SUMMARY JUDGMENT[2]

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Pennington v.*

---

[1] Plaintiffs now claim that they intended to allege violations of the Fifth Amendment, not the Seventh, but they have not filed a Motion to Amend their Complaint.

[2] Both parties cite the standard for a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), but this is a motion for summary judgment, and Fed. R. Civ. P. 56 applies.

*State Farm Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id.*

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The Court does not, however, weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). The Court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id.* The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Rodgers*, 344 F.3d at 595.

As noted above, in both arguing for and opposing a motion for summary judgment, the parties must support their contentions with citations to the record before the Court.

CONSTITUTIONAL VIOLATIONS

Plaintiffs bring this action pursuant to 42 U.S.C. § 1983, which provides a private right of action against anyone who subjects any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights or privileges secured by the Constitution and laws of the United States. *Rehbueg v. Paulk*, 132 S.Ct. 1497, 1501 (2012). A person suing under this

3

statute must demonstrate the denial of a constitutional right caused by a defendant acting under color of state law.[3] *Epperson v. City of Humboldt*, __ F.Supp.2d __, 2016 WL 1736287 at * 3 (W.D. Tenn. April 29, 2016); *Carl v. Muskegon County*, 763 F.3d 592, 595 (6th Cir. 2014).

To establish municipal liability (where, as here, the Defendant is a municipality) under Section 1983, a plaintiff must establish that his or her harm was caused by a constitutional violation and that a policy, practice or custom of the municipality was the "moving force" behind the deprivation of rights. *Miller v. Sanilac County*, 606 F.3d 240, 255 (6th Cir. 2010); *Beair v. Ohio Dept. of Rehabilitation*, 2016 WL 229403 at * 3 (N.D. Ohio Jan. 19, 2016).

Plaintiffs contend that the "policy" which caused their harm is an alleged instruction to the City's chief codes enforcement officer to "allow the blacks to do whatever they wanted in their neighborhoods as long as they don't bring it into our neighborhoods." There is no evidence in the record that this "instruction" was actually given, by whom it was allegedly given, or that it was a policy, practice or custom of the City. In addition, Plaintiffs have not pointed the Court to any evidence of any situation in which the City failed to enforce its Ordinances in a "black neighborhood," as asserted by Plaintiffs. The Court notes that both Plaintiffs and Mr. Malone are African-American.

Plaintiffs have failed to show that any policy, practice or custom of the City caused a violation of their constitutional rights.

Alternatively, Plaintiffs' claims are barred by the applicable statute of limitations. The statute of limitations for Section 1983 claims is the state statute of limitations applicable to personal injury

---

[3] There is no argument presented that Defendant was not acting under color of state law.

4

actions under the law of the state in which the alleged Section 1983 claim arises. *Eidson v. State of Tennessee Dept. of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007). In Tennessee, that statute of limitations is one year. Tenn. Code Ann. § 28-3-104(a)(3).

Plaintiffs claim that the crux of their claims is that Mr. Malone's shop should have never been allowed to operate as a home-occupied business. Mr. Malone received his permit to operate his barbershop in 1999, far more than one year before this lawsuit was filed. The continuing violation doctrine, alleged by Plaintiffs, does not toll the limitations period for the claim that the City made the wrong decision concerning the zoning of Mr. Malone's property in 1999.

Moreover, and again alternatively, Plaintiffs have failed to show that Mr. Malone should have never been allowed to operate as a home-occupied business, as they allege. Defendant has provided evidence that prior to 2001, the City did not regulate home-occupied businesses. Docket No. 41-1 (Affidavit of Chris Bridgewater, Director of Building and Neighborhood Services). The 1991 Franklin Municipal Zoning Ordinance permitted, by not regulating, any homeowner to conduct any type of business within the home. Plaintiffs have not rebutted this evidence. Even though the City now imposes restrictions on home occupations, Mr. Malone's barbershop has been determined by the City to be a legal, non-conforming use because it was approved prior to 2001. *Id.*

In other words, Mr. Malone is not in violation of zoning regulations and, therefore, the City has not harmed Plaintiffs by allowing a violation of zoning regulations to occur. As the Chancery Court found, the City acted within its legally granted authority and within its discretion in allowing Mr. Malone's business to be conducted at his home.

The Court also notes, alternatively, that claims against municipalities based upon the exercise or performance or failure to exercise or perform discretionary functions fall within the immunity explained in the Tennessee Governmental Tort Liability Act, specifically § 29-20-205.

Finally, and again alternatively, the Court finds, as did the Chancery Court, that Plaintiffs have not shown an economic impact suffered due to Defendant's "failure to enforce its regulation." First, as noted above, the City has not failed to enforce its regulation. Secondly, Plaintiffs knew when they purchased the property that Mr. Malone operated a barbershop on his property, and they purchased the property anyway.[4] Thirdly, Plaintiffs resold their property across from Mr. Malone's barbershop for a more than $300,000 gain. Fourth, Plaintiffs' own expert has testified that he cannot say definitively or prove that the barbershop caused any sort of loss in the value of Plaintiffs' property. Docket No. 34-5. Thus, as found by the Chancery Court, Plaintiffs have shown "no actionable or reasonably ascertainable damages."

## CONCLUSION

For all these reasons, Defendant's Motion for Summary Judgment is GRANTED, and this action is DISMISSED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

---

[4] Plaintiffs argue that they discovered evidence of barber activity in Mr. Malone's home before they purchased the 11th Avenue property, and yet they purchased the property because it presented a favorable investment opportunity.

6